**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0063-15T1

U.S. BANK, N.A. as Successor
Trustee for Bank of America as
Trustee for Thornburg Mortgage
Securities Trust 2007-3,

    Plaintiff-Respondent,

v.

DAVID E. WALSH and DEBORAH
WALSH,

    Defendants-Appellants.

_____

        Argued November 14, 2017 — Decided November 30, 2017

        Before Judges Fasciale and Sumners.

        On appeal from Superior Court of New Jersey, Chancery Division, Somerset County, Docket No. F-009696-14.

        David E. Walsh and Deborah Walsh, appellants, argued the cause pro se.

        Dustin P. Mansoor argued the cause for respondent (Houser & Allison, APC, attorneys; Gary N. Smith, on the brief).

PER CURIAM

    David and Deborah Walsh (defendants) appeal from a May 8, 2015 order denying their motion to vacate default; and a July 10,

2015 order denying their motion to reconsider or vacate summary judgment previously entered in favor of U.S. Bank, N.A. (plaintiff). We affirm.

Defendants executed a promissory note (the note) to Guardhill Financial Corp. (Guardhill) with an original principal balance of $1,950,000. Defendants secured the note with a mortgage against the property, naming Mortgage Electronic Registration Systems, Inc. (MERS) as nominee for Guardhill, and then recorded the mortgage. In May 2007, defendants entered into a modification agreement.

MERS assigned the note and mortgage to TMST Home Loans, Inc. (TMST). TMST assigned the note and mortgage to Bank of America as Trustee for Thornburg Mortgage Securities Trust 2007-3 (Bank of America as Trustee). Bank of America as Trustee assigned the note and mortgage to plaintiff.

In May 2009, defendants defaulted on the note and mortgage. In March 2014, plaintiff filed the foreclosure action. In September 2014, plaintiff filed an amended complaint addressing the May 2007 modification agreement. Defendants did not accept service of the amended complaint and the judge entered default. Although the judge did not vacate the default, the judge later substantively considered defendants' challenge to plaintiff's standing to proceed.

At the close of extensive discovery, plaintiff moved for summary judgment. On January 9, 2015, the judge granted plaintiff's motion for summary judgment and issued a comprehensive twenty-six page written opinion in which the judge concluded defendants lacked a meritorious defense to the foreclosure action. In May 2015, the judge entered final judgment. Defendants then moved to set aside or reconsider the order granting summary judgment.

On appeal, defendants argue that they were entitled to relief under Rule 4:50-1; that they should have the right to challenge the mortgage and note assignments; and that plaintiff does not have standing for various reasons including an allegedly fraudulent allonge.

We begin by addressing defendants' contention that the judge erred by denying their motion to vacate the order granting plaintiff summary judgment. On this point, defendants rely on Rule 4:50-1, which states that

> the court may relieve a party or the party's legal representative from a final judgment or order for the following reasons: (a) mistake, inadvertence, surprise, or excusable neglect; (b) newly discovered evidence which would probably alter the judgment or order and which by due diligence could not have been discovered in time to move for a new trial under [Rule] 4:49; (c) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other

misconduct of an adverse party; (d) the judgment or order is void; (e) the judgment or order has been satisfied, released or discharged, or a prior judgment or order upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment or order should have prospective application; or (f) any other reason justifying relief from the operation of the judgment or order.

"The trial court's determination under [Rule 4:50-1] warrants substantial deference, and should not be reversed unless it results in a clear abuse of discretion," namely where the "decision is 'made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis.'" US Bank Nat'l Ass'n v. Guillaume, 209 N.J. 449, 467-68 (2012) (quoting Iliadis v. Wal-Mart Stores, Inc., 191 N.J. 88, 123 (2007)). Defendants failed to satisfy this standard as to any subsection of Rule 4:50-1.

In particular, the most relevant sections applicable to defendants' contentions are Rule 4:50-1(b), (c), and (f). Under Rule 4:50-1(b), the newly discovered evidence subsection, "the party seeking relief must demonstrate 'that the evidence would probably have changed the result, that it was unobtainable by the exercise of due diligence for use at the trial, and that the evidence was not merely cumulative.'" DEG, LLC v. Twp. of Fairfield, 198 N.J. 242, 264 (2009) (quoting Quick Chek Food Stores

4

v. Twp. of Springfield, 83 N.J. 438, 445 (1980)). "Moreover, 'newly discovered evidence' does not include an attempt to remedy a belated realization of the inaccuracy of an adversary's proofs." Ibid. (quoting Posta v. Chung-Loy, 306 N.J. Super. 182, 206 (App. Div. 1997), certif. denied, 154 N.J. 609 (1998)). Rule 4:50-1(c) provides relief for fraud. Rule 4:50-1(f) is reserved for "exceptional situations" where "truly exceptional circumstances are present." Hous. Auth. of Morristown v. Little, 135 N.J. 274, 286 (1994) (citations omitted). Defendants have failed to satisfy any of these criteria.

"The only material issues in a foreclosure proceeding are the validity of the mortgage, the amount of the indebtedness, and the right of the mortgagee to resort to the mortgaged premises." Great Falls Bank v. Pardo, 263 N.J. Super. 388, 394 (Ch. Div. 1993), aff'd, 273 N.J. Super. 542 (App. Div. 1994). We have held that "either possession of the note or an assignment of the mortgage that predated the original complaint confer[s] standing." Deutsche Bank Tr. Co. Ams. v. Angeles, 428 N.J. Super. 315, 318 (App. Div. 2012) (citing Deutsche Bank Nat'l Tr. Co. v. Mitchell, 422 N.J. Super. 214, 216 (App. Div. 2011)). If a plaintiff cannot establish it owned or controlled the underlying debt at the time the complaint is filed, it "lacks standing to proceed with the foreclosure action and the complaint must be dismissed." Wells

Fargo Bank, N.A. v. Ford, 418 N.J. Super. 592, 597 (App. Div. 2011). "If a debt is evidenced by a negotiable instrument, such as the note executed by [a] defendant," whether a plaintiff has established ownership or control over the note "is governed by Article III of the Uniform Commercial Code (UCC), N.J.S.A. 12A:3-101 to -605, in particular N.J.S.A. 12A:3-301." Ibid.

There are "three categories of persons entitled to enforce negotiable instruments" as described in N.J.S.A. 12A:3-301. Mitchell, supra, 422 N.J. Super. at 222-23.

N.J.S.A. 12A:3-301 provides:

> "Person entitled to enforce" an instrument means the holder of the instrument, a nonholder in possession of the instrument who has the rights of a holder, or a person not in possession of the instrument who is entitled to enforce the instrument pursuant to [N.J.S.A.] 12A:3-309 or subsection d. of [N.J.S.A.] 12A:3-418. A person may be a person entitled to enforce the instrument even though the person is not the owner of the instrument or is in wrongful possession of the instrument.

Here, plaintiff had standing to pursue the foreclosure case against defendants. Plaintiff was in possession of the note before filing the complaint and the trial court repeatedly addressed and rejected defendants' standing argument. Plaintiff presented defendants with the original note and mortgage at a November 2013

conference and defendants confirmed their signatures on the instruments.

Defendants allege that they have new evidence that the allonge was fraudulent, but offer no credible explanation as to why their due diligence did not uncover such purported evidence sooner, when they were in possession of the discovery. Furthermore, their so-called expert report and handwriting analysis, obtained after the court granted summary judgment to plaintiff, is inconclusive. Rather, the handwriting analysis reflects that there is insufficient information to conclude whether the signature was valid. Furthermore, the Guardhill representative's email stating that Guardhill does not have an allonge on file does not disprove plaintiff's standing in this case.

Although defendants recognize they do not have standing under New Jersey law to challenge a failure to comply with the trust agreement, they argue that the note and mortgage assignments were invalid. Defendants are not parties to or beneficiaries of the trust, and therefore lack standing to assert violations of the trust, and even if they did have standing, their assertions would be an insufficient defense to the foreclosure claim. <u>See, e.g.</u>, <u>Reinagel v. Deutsche Bank Nat'l Tr. Co.</u>, 735 <u>F.</u>3d 220, 228 (5th Cir. 2013) (explaining that even though the trust agreement was violated, the debtor could not enforce the terms of the trust

A-0063-15T1

agreement unless the debtor is a third-party beneficiary, and even then, such an argument does not render the assignment void; it would just allow the debtor to sue for breach of the trust agreement).

The judge also appropriately denied defendants relief under the reconsideration standard. As an appellate court, we review the denial of a motion for reconsideration to determine whether the trial court abused its discretionary authority. Cummings v. Bahr, 295 N.J. Super. 374, 389 (App. Div. 1996). Reconsideration should only be used "for those cases which fall into that narrow corridor in which either 1) the [c]ourt has expressed its decision based upon a palpably incorrect or irrational basis, or 2) it is obvious that the [c]ourt either did not consider, or failed to appreciate the significance of probative, competent evidence." Id. at 384 (quoting D'Atria v. D'Atria, 242 N.J. Super. 392, 401 (Ch. Div. 1990)). Additionally, the decision to deny a motion for reconsideration falls "within the sound discretion of the [trial court], to be exercised in the interest of justice." Ibid. (quoting D'Atria, supra, 242 N.J. Super. at 401).

Although the judge found the motion for reconsideration was not filed timely, he substantively addressed the motion. The judge reviewed defendants' submissions, mostly arguing the same standing issue, and found that defendants' argument was "a search

A-0063-15T1

for technicalities that ignores the realities of the circumstances before the [c]ourt. [D]efendants admit they have not paid any princip[al], interest, real estate tax or insurance payments for the property since May 1, 2009. . . . [D]efendants admittedly and unabashedly continue to live in the premises at no charge." The judge's decision to deny the motion for reconsideration was within his discretion. He reviewed and analyzed the probative, competent evidence, along with non-probative and incompetent evidence presented by defendants. The judge properly denied both the motion for reconsideration and the motion to set aside summary judgment.

We conclude the remainder of defendants' arguments are without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0063-15T1